UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| SHAWNTA A. BRABSON ) | |
| ) | |
|    *Petitioner*, ) | |
| ) | |
| v. ) | No. 3:13-cv-242 |
| ) | *Judge Jordan* |
| ) | |
| TERRENCE O'BRIEN, Warden ) | |
| ) | |
|    *Respondent*. ) | |

### **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Shawnta A. Brabson ("petitioner"). Petitioner also states that his petition is brought pursuant to the savings statute of 28 U.S.C. § 2255(e). For the following reasons, the petition will be **DENIED** and this action will be **DISMISSED**.

Petitioner pleaded guilty in the U.S. District Court for the Eastern District of Tennessee to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and was sentenced as a career offender to a term of imprisonment of 204 months. *United States v. Brabson*, Criminal Action No. 3:05-cr-106 (E.D. Tenn. April 17, 2006) (Court File No. 49, Judgment). Petitioner now claims that he is actually innocent of being a career offender.

Petitioner is obviously aware that, because his judgment of conviction became final in 2006, he is barred by the one-year statute of limitation from filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He therefore seeks habeas relief under § 2241 and the savings clause of § 2255(e). As the Sixth Circuit recently explained,

> A federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255, but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. However, a prisoner may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255, which states:
>
>> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.
>
> Thus, through the § 2255 "savings clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention. The Sixth Circuit has found the savings clause to apply only where the petitioner also demonstrates "actual innocence."

*Wooten v. Cauley*, 677 F.3d 303, 306 -307 (6th 2012) (quoting 28 U.S.C. § 2255(e) (emphasis added); *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)).

Petitioner contends that his actual innocence of being a career offender excuses him from the requirement of seeking relief under § 2255, which would be time-barred, and allows him to proceed in a habeas corpus proceeding. Petitioner's argument lacks merit. The "actual innocence" exception of the § 2255(e) savings clause refers to "innocence" of the underlying offense, not "innocence" of a sentencing factor. *United States v. Peterman*, 249

2

F.3d at 462; *see also Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. July 20, 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241.") (citations omitted).

The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge